IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN E. JACOBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COBB COUNTY, et al., | : | CIVIL ACTION NO. |
| | : | 1:18-cv-01686-AT |
| Defendants. | : | |

## **ORDER**

Before the Court is Defendants' Motion to Dismiss [Doc. 20]. For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint (Doc. 3) is **DISMISSED with prejudice**.

**I.   Background**

For a thorough walkthrough of the facts as alleged in Plaintiff's complaint, please refer to this Court's previous orders. (*See* Doc. 5 and Doc. 8.) In its October 15, 2018 Order, the Court allowed only Plaintiff's constitutional claims premised upon the confiscation of his notes and personal items, and his state law claims premised upon assault and battery to move forward. (Doc. 5.) The Court allowed Plaintiff to replead his allegations relating to these claims, but Plaintiff's revised Complaint was virtually identical to his original complaint. (*Compare* Proposed Amended Complaint, Doc. 7; *and* Complaint, Doc. 3.) The Court then sua sponte

denied leave to replead, rendering the original Complaint the operative complaint for this matter. (*See* Order, Doc. 8.)

## II. Discussion

Defendants have moved to dismiss this action as time barred under the applicable statute of limitations or, alternatively, for failing to plausibly state a claim for relief.[1]

### A. Statute of Limitations

Defendants assert that Plaintiff's section 1983 claims are untimely because they were filed outside of Georgia's two-year statute of limitations for personal injury actions under O.C.G.A. § 9-3-33. According to Defendants, the statute of limitations began to toll on August 9, 2015 – the date that Plaintiff filed his grievance form[2] – and expired on August 9, 2017. (Doc. 20-1 at 7–8.) Plaintiff dated his Complaint April 19, 2018, and it was marked as received by the Court on April 25, 2018. (*See* Doc. 3.)

Plaintiff in response argues that the cause of action arose from "a series of events . . . spanning the space of two years" and culminating in Plaintiff filing this

---

[1] Defendants further claim that proper service was not effected on Defendants Warren or Sims, and that "service has not been attempted on the remaining Cobb Defendants [Cobb County, Cobb County Board of Commissioners, Major Michael Skelton, Deputy Miller, and Deputy Calfee-Vittetoe]." (Doc. 20 at 1, n.1.) A review of the docket reveals that service was effected on defendants Cobb County Board of Commissioners, Sergeant Simms, and Sheriff Neil Warren by U.S. Marshal on June 20, 2019. (Doc. 21, 22, 23.) Service was not effected on defendants Calfee-Vittetoe, Miller, or Skelton, for different reasons. (Doc. 24 (Calfee-Vittetoe no longer works at agency), Doc. 25 (Marshal could not identify "Deputy Miller"), Doc. 26 (Skelton no longer works at agency).) This issue is irrelevant however, as Plaintiff's Complaint is dismissed with prejudice against all defendants for untimeliness.

[2] Plaintiff attached a copy of the August 9, 2015 grievance form to his complaint. (*See* Doc. 3 at 23.)

suit. (Resp., Doc. 28 at 2.) Plaintiff also stated that "[d]ashcams were acquired from Cobb County Police the week of September 8, 2016[,]" and that "damaged property was acquired from Smyrna police department the week of June 27, 2017." (Doc. 28 at 2.) It is not clear what relevance "dashcams" have to any claim presented in Plaintiff's Complaint. Likewise, the Smyrna Police Department is not a party in this case, and none of the factual allegations in the Complaint relate to that department. To the extent that Plaintiff is alluding to a possible claim of subsequent false arrest, that claim is not before the Court.

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is the statute of limitations applied by the forum state to personal injury actions. *Lovett v. Ray,* 327 F.3d 1181, 1182 (11th Cir. 2003) (citing *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1988)). In Georgia, the statute of limitations for personal injury actions is two years from the time the "right of action accrues." O.C.G.A. § 9-3-33. Accordingly, the statute of limitations for section 1983 actions in Georgia in two years, and the limitations period begins when the rights of action accrues. *See Williams v. City of Atlanta,* 794 F.2d 624, 626 n. 2 (11th Cir. 1986). This is also the statute of limitations for claims of assault and battery per Georgia state law. *Smith v. Wilfong*, 218 Ga. App. 503, 505, 462 S.E.2d 163, 164 (Ga. 1995) ("Under OCGA § 9–3–33, an action for assault and battery 'shall be brought within two years after the right of action accrues[.]'") (quoting O.C.G.A. § 9-3-33). The right of action accrues when a person knows or has reason to know that he was injured,

and was aware or should have been aware of who inflicted the injury. *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996).

Plaintiff knew that he was injured no later than the date on which he filed his grievance – August 9, 2015. The limitations period therefore ended two years later on August 9, 2017, approximately eight months before Plaintiff filed his Complaint.

Accordingly, because Plaintiff's remaining claims pursuant to section 1983 and Georgia state law are time-barred, Defendants' Motion to Dismiss [Doc. 20] is **GRANTED**. The Court sua sponte denies Plaintiff leave to replead these counts, because the statute of limitations bar here is a legal issue that cannot be cured.

## III.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 20], and denies leave to replead. This matter is **DISMISSED with prejudice**.  The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED** this 5th day of December, 2019.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE